CHEHARDY, Chief Judge.
Mark LeBoeuf and Louis Marcotte, d/b/a Bail Bonds Unlimited (hereafter called “BBU”), seek writs from the denial of their motion for return of $3,000 the district court ordered them to refund to their former client, Gildardo Betancourt.
Betancourt was arrested on a drug charge on March 24, 1988. His bail was fixed at $250,000, of which $150,000 was required to be secured by cash or by commercial surety bond and $100,000 by a personal surety undertaking. BBU, as agent for American Bankers Insurance Company, agreed to underwrite two bail bonds totaling $150,000.
As a condition of providing the bonds, BBU required Betancourt to sign a contract under which he agreed to the following terms: (1) to collateralize the bond fully; (2) to waive any rights to refund of the bond premium if he was returned to jail; (3) to pay a bond premium in the amount of $18,000; (4) to remain in custody until he fulfilled all his obligations and to pay “security charges” of $100 per day plus expenses; and (5) to be returned to jail if he failed to fulfill these obligations within one week. American Bankers Insurance Company was not a party to this agreement.
Betancourt paid BBU $3,000 as an initial payment on the $18,000 bond premium. The bonds were posted and the defendant was released from jail. He stayed, under guard, at the BBU offices from March 25, 1988, until March 29, 1988. By that time he had retained another attorney, who told him that BBU was overcharging him for the bond premium and that he could get Betancourt’s bail lowered if the defendant would return to jail.
The defendant then requested he be surrendered to the sheriff. In compliance with his wishes, on March 29,1988, Betanc-ourt returned to jail and BBU drew up a surrender notice and obtained a signed release from a deputy sheriff stating BBU was relieved of its surety obligation. The release made no mention of the actual surety, American Bankers Insurance Company.
On April 4, 1988, the defendant, through his new counsel, filed an ex parte motion for refund of the bond premium paid to BBU (consisting of the $3,000 paid on his release). In support of his claim he cited LSA-C.Cr.P. art. 338(D), which states:
“When a surety surrenders a defendant who has not failed to appear or who has not violated any order of the court ordering the defendant’s detention, the surety shall refund to the defendant the total amount paid by the defendant to the surety for the bail bond by delivering, within twenty-four hours after surrender of such defendant, the entire refund to the account maintained for the defendant by the officer charged with his detention. The court, on motion of the surety and after notice and opportunity for hearing is given to the defendant, shall order the return to the surety of his fee upon a showing that good cause existed for the surrender of the defendant.”
The court signed an ex parte order, commanding “the surety” to place $3,000 in the *757 defendant’s account at the Jefferson Parish Correctional Center.
When BBU did not comply with the ex parte order, the defendant filed a rule to show cause against BBU, requesting they be held in contempt for failure to deposit the money. The court issued an attachment against the partners, LeBoeuf and Marconi, for failure to comply with the ex parte order.
On May 2, 1988, BBU filed a response objecting to the ex parte order and seeking to have it rescinded. BBU contended C.Cr. P. art. 338(D) is unconstitutional because the surety is required to refund the bond premium without being given notice and an opportunity for a hearing prior to depositing the funds.
Following a hearing on May 9, 1988, the trial court again ordered BBU to deposit $3,000 in the defendant’s account at the jail. BBU complied with the order and then sought supervisory writs from this Court, which granted writs on June 17, 1988. At that time we set aside all orders and judgments regarding the bond premium and remanded the matter to the district court for a contradictory hearing after formal notice. We pointed out that the bonding company could move, by contradictory motion, for return of the premium once it was deposited.
BBU subsequently filed a motion for return of the funds and for an order to show cause, which was heard on September 23, 1988. BBU waived the previously-raised issues regarding lack of personal service and notice. The matter was submitted on the transcript of the previous hearing and on the stipulation that $3,000 had been deposited by BBU. The trial court denied the motion. BBU subsequently filed the present application for writs.
The relator asserts the trial court erred in the following respects: in ordering BBU to refund the premium when BBU is not the surety in this matter; in ruling that the defendant’s waiver of his rights to receive a refund of premium is against public policy; in allowing the defendant to use summary proceedings when there was no matter by and between the defendant and BBU pending before the court; and in failing to rule that C.Cr.P. art. 338 violates the due process clauses of the 14th Amendment of the U.S. Constitution and of the Louisiana Constitution. Further, BBU argues it is entitled to a return of the funds deposited with the sheriff.
We conclude the trial court erred in ordering BBU to refund the premium. Under the language of C.Cr.P. art. 338(D), it is the surety which must refund the premium to the defendant. The relator here is not the surety, but is only the agent of the surety. Accordingly, the court erred in directing the order to BBU; it should have been directed to American Bankers Insurance Company.
Further, because the agent is not the proper party to proceedings under C.Cr.P. 338(D), the use of summary proceedings against the agent was improper.
In light of our conclusion on this issue, it is inappropriate to address either the constitutionality of C.Cr.P. art. 338(D) or whether that article precludes a waiver of premium refund such as the defendant signed with BBU. Although these questions are weightier than the ground on which we have decided the case, in the case’s present procedural posture these issues are not properly before us.
For the foregoing reasons, the district court’s orders of May 9, 1988, directing Bail Bonds Unlimited to deposit $3,000 to the account of Gildardo Betancourt, and of September 23, 1988, denying the motion of Bail Bonds Unlimited for return of funds, are vacated. The Sheriff for the Parish of Jefferson, State of Louisiana, is hereby ordered to return to Bail Bonds Unlimited the $3,000 it deposited to the account of Gildar-do Betancourt on May 9, 1988.
ORDERS OF MAY 9, 1988, AND SEPTEMBER 23, 1988, VACATED; ORDER ISSUED.